I must respectfully dissent. The purpose of the rules of civil procedure is to prevent a "trial by ambush." The most important piece of information needed by anyone going into a trial is what is going to be said on the other side, and by whom. A lawyer who goes into a trial without this information is inviting disaster, for everything presented by the other side will be a surprise at best. The majority places much emphasis on the fact that this pro se litigant failed to utilize the mechanism of interrogatories to pry the witness list from the hands of the state of Ohio and its band of lawyers. This line of reasoning ignores the real issue in this case.
A trial is not a contest to determine who has the best lawyer. The state of Ohio, with all its resources, had a duty to disclose its witness list. Basic fairness permits no less. It is offensive to suggest that this governmental agency was well within its rights in playing a sophisticated game of "hide the ball" from this unrepresented taxpayer.
Portage County Court of Common Pleas Local Rule 10.02 is clear, unambiguous and easily understood. It is also the standard which is enforced in literally every courtroom in Ohio. If you do not disclose the name of your expert witness, YOU MAY NOT CALL THEM AT TRIAL. It really is that simple. To hold otherwise would be to reward trickery and punish diligence.
The matter should be reversed.